UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ESTHER GONZALEZ,

    Plaintiff,

vs.

COMPLAINT

CHARLOTTE BAKERY, INC., a Florida profit corporation, and MICHELLE COLEMAN, an individual,

    Defendants.

_____/

## **COMPLAINT**

COMES NOW Plaintiff ESTHER GONZALEZ ("Plaintiff" or "Gonzalez"), who was an employee of Defendants CHARLOTTE BAKERY, INC., a Florida profit corporation and MICHELLE COLEMAN, an individual (together, "Defendants"), and files this Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "FLSA") and for a declaration of rights.

1. This action is brought pursuant to the FLSA under its three-year maximum statute of limitations for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief.

### I.    **JURISDICTION AND VENUE**

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because

1

Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

3. This Court has original jurisdiction over Plaintiff's federal question claims.

## II.   PARTIES

4. Plaintiff ESTHER GONZALEZ ("GONZALEZ") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

5. Defendant CHARLOTTE BAKERY, INC. is a Florida profit corporation that has owned and operated the Charlotte Bakery ("Charlotte Bakery"), located at 1499 Washington Avenue, Miami Beach, Miami-Dade County, Florida.

6. Defendant MICHELLE COLEMAN ("Coleman"), an individual and *sui juris*, is an owner and General Manager of CHARLOTTE BAKERY, INC. ("Charlotte Bakery"), the establishment at which Plaintiff was employed. Coleman acted directly and indirectly in the interest of Charlotte Bakery. Coleman managed Charlotte Bakery and had the power to direct employees' actions.  Coleman had management responsibilities, degree of control over Charlotte Bakery's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the Restaurant in accordance with the FLSA making Defendant Michelle Coleman an employer pursuant to 29 USC § 203(d).

## III.   COVERAGE

7. During all material times, Defendant CHARLOTTE BAKERY, INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of §

2

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. During all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

9. During all material times, Charlotte Bakery had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## IV. FACTUAL ALLEGATIONS

10. Defendants operated a bakery known as Charlotte Bakery ("Charlotte Bakery"), located at 1499 Washington Avenue, Miami Beach, Miami-Dade County, Florida.

11. Plaintiff worked as counter help for Defendants from 2006 to January 26, 2017, approximately.

12. As the maximum statute of limitations under the FLSA is three years, the FLSA Relevant Time Period is between February 1, 2014 and February 1, 2017.

13. During the Relevant Time Period, the applicable Florida minimum wage was $7.93 per hour in 2014, $8.05 per hour in 2015 and 2016, and $8.10 per hour in 2017. In addition, the applicable overtime wage was $11.895 per hour in 2014, $12.075 per hour in 2015 and 2016, and $12.15 per hour in 2017.

14. Throughout the Relevant Time Period, Defendants paid Plaintiff a weekly wage irregardless of hours worked.

15. Plaintiff's weekly wage paid Plaintiff below the applicable minimum and overtime wage for her hours worked.

16. Throughout her employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day week.

17. Plaintiff was never paid one-and-a-half times her regular wage for hours worked in excess of forty per week.

18. Defendants willfully engaged in practices that denied Plaintiff the applicable minimum and overtime wage under the FLSA.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

20. Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

21. Defendants willfully and intentionally paid Plaintiff below the Florida minimum wage.

22. By willfully and intentionally paying Plaintiff below the Florida minimum wage, Defendants owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

23. As a direct and proximate result of refusing to pay Plaintiff at or above the Florida minimum wage rate, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff ESTHER GONZALEZ demands judgment in her favor and against Defendants CHARLOTTE BAKERY MIAMI, LLC and MICHELLE COLEMAN, jointly and severally, as follows:

   a) Award to Plaintiff for payment of all hours worked up to forty hours in a workweek at the full Florida minimum wage;

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty per week at the full Florida minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

24. Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

25. Defendants willfully and intentionally failed to pay Plaintiff one-and-a-half times her regular rate of pay for hours worked in excess of forty per workweek.

26. By willfully and intentionally failing to pay Plaintiff one-and-a-half times her regular rate of pay for hours worked in excess of forty per workweek, Defendants owe Plaintiff the full overtime wage for each hour worked in excess of forty hours in a week.

27. As a direct and proximate result of failing to pay Plaintiff one-and-a-half times her regular rate of pay for hours worked in excess of forty per workweek, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff ESTHER GONZALEZ demands judgment in her favor and against Defendants CHARLOTTE BAKERY MIAMI, LLC and MICHELLE COLEMAN, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty hours in a workweek at the full overtime wage;

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty hours in a workweek at the full overtime wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

28. Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein, and further alleges as follows:

29. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.

30. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U..C. §§ 2201, 2202.

31. Defendants did not rely on a good faith defense in forcing Plaintiff to work at a wage rate below the Federal minimum and overtime wage rate.

32. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

33. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

WHEREFORE Plaintiff ESTHER GONZALEZ demands the entry of judgment in her favor and against Defendants CHARLOTTE BAKERY MIAMI, LLC and MICHELLE COLEMAN, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of February, 2017.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **February 3, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320

**GONZALEZ v. CHARLOTTE BAKERY MIAMI, LLC and COLEMAN**
Case No.:
**Service List**

**Robert W. Brock II, Esq.**
Bar No. 75320
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
PrimaryEmails:robert@kuvinlaw.com
Secondary Email: legal@kuvinlaw.com
*Attorney for Plaintiff*

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808