## SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "AGREEMENT") is made by and between ESTHER GONZALEZ together with her heirs, agents, legal representatives, successors, assigns and attorneys and MARIA REGUEIRA together with her heirs, agents, legal representatives, successors, assigns and attorneys; and between CHARLOTTE BAKERY, INC., together with its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers and MICHELLE COLEMAN, together with her heirs, agents, legal representatives, successors, assigns and attorneys (ESTHER GONZALEZ and MARIA REGUEIRA are together referred to herein as "PLAINTIFFS"; CHARLOTTE BAKERY, INC. and MICHELLE COLEMAN are together referred to herein as "THE CHARLOTTE BAKERY PARTIES").

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

**1. Terms of Payment**. As consideration for the release of any and all claims that PLAINTIFFS may have against THE CHARLOTTE BAKERY PARTIES as of the date of execution of this AGREEMENT, THE CHARLOTTE BAKERY PARTIES agree to deliver to Law Firm of Lowell J. Kuvin at 17 East Flagler Street, Suite 223, Miami Florida 33131, the total gross sum of Sixteen Thousand and 0/100 Dollars ($16,000.00) in payment. This sum shall be delivered in four (4) installments, as described below:

    a. First Installment, in the amount of Four Thousand and 00/100 Dollars ($4,000.00) within thirty (30) days from the date the Court approves the terms of this Agreement and enters an order dismissing the case with prejudice, divided as follows:

        i. One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Esther Gonzalez" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

        ii. One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Maria Regueira" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

        iii. One Thousand Seven Hundred and Fifty and 00/100 Dollars ($1,750.00), payable to "Law Firm of Lowell J. Kuvin" as attorneys' fees and costs incurred which were negotiated separately and without regard to the amount paid to settle Plaintiffs' claims, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

ESTHER GONZALEZ 
MARIA REGUEIRA

CHARLOTTE BAKERY, INC. _____
MICHELLE COLEMAN _____

b. Second Installment, in the amount of Four Thousand and 00/100 Dollars ($4,000.00) within sixty (60) days from the date the Court approves the terms of this Agreement and enters an order dismissing the case with prejudice, divided as follows:

   i. One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Esther Gonzalez" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

   ii. One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Maria Regueira" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

   iii. One Thousand Seven Hundred and Fifty and 00/100 Dollars ($1,750.00), payable to "Law Firm of Lowell J. Kuvin" as attorneys' fees and costs incurred which were negotiated separately and without regard to the amount paid to settle Plaintiffs' claims, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

c. Third Installment, in the amount of Four Thousand and 00/100 Dollars ($4,000.00) within ninety (90) days from the date the Court approves the terms of this Agreement and enters an order dismissing the case with prejudice, divided as follows:

   i. One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Esther Gonzalez" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

   ii. One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Maria Regueira" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

   iii. One Thousand Seven Hundred and Fifty and 00/100 Dollars ($1,750.00), payable to "Law Firm of Lowell J. Kuvin" as attorneys' fees and costs incurred which were negotiated separately and without regard to the amount paid to settle Plaintiffs' claims, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

d. Fourth and Last Installment, in the amount of Four Thousand and 00/100 Dollars ($4,000.00) within one hundred twenty (120) days from the date the Court approves the terms of this Agreement and enters an order dismissing the case with prejudice, divided as follows:

ESTHER GONZALEZ 
MARIA REGUEIRA

CHARLOTTE BAKERY, INC. _____
MICHELLE COLEMAN _____

     i.    One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Esther Gonzalez" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

     ii.    One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Maria Regueira" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

     iii.    One Thousand Seven Hundred and Fifty and 00/100 Dollars ($1,750.00), payable to "Law Firm of Lowell J. Kuvin" as attorneys' fees and costs incurred which were negotiated separately and without regard to the amount paid to settle Plaintiffs' claims, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

Prior to the first installment being sent, and as condition thereof, ESTHER GONZALEZ, MARIA REGUEIRA, and Law Firm of Lowell J. Kuvin shall provide executed IRS Forms W9 to Adi@lubellrosen.com.

PLAINTIFFS agree to indemnify and hold harmless THE CHARLOTTE BAKERY PARTIES from and against any and all liability that THE CHARLOTTE BAKERY PARTIES may sustain as a result of claims, demands, costs, or judgments relating to these payments. PLAINTIFFS further represent that they and their legal representatives alone are entitled to the settlement funds received and there are no claims or liens whatsoever made to these funds by any other party, including any claims made by any insurance carrier. In the event that amounts paid to PLAINTIFFS pursuant to this AGREEMENT are subject to any claims, liens or subrogated interests, PLAINTIFFS agree to indemnify and hold harmless THE CHARLOTTE BAKERY PARTIES from and against any and all liability that THE CHARLOTTE BAKERY PARTIES may sustain as a result of such claims, liens or subrogated interests. PLAINTIFFS agree to the distribution of the settlement proceeds as set forth above.

    e.    **Non-Admission of Liability.** The parties agree that this sum is being paid for alleged violations of the Fair Labor Standards Act, as an amicable resolution of the Parties' dispute, in order to avoid the risks and costs involved in further litigation of this dispute. As such, THE CHARLOTTE BAKERY PARTIES continue to deny any and all liability to PLAINTIFFS and nothing in this AGREEMENT shall be construed as an admission of any wrongdoing by THE CHARLOTTE BAKERY PARTIES

    f.    **Mutual General Release.** PLAINTIFFS agree to fully release THE CHARLOTTE BAKERY PARTIES from any and all claims that PLAINTIFFS may have from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which PLAINTIFFS now own or hold, and to waive any right to recover in any action which may be brought on their behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity

ESTHER GONZALEZ _E y_  
MARIA REGUEIRA _JR_  

CHARLOTTE BAKERY, INC. _____  
MICHELLE COLEMAN _____

Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

- The FLSA;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Broward County Wage Payment Ordinances;
- Broward County Employment Ordinances;
- Miami-Dade County Wage Payment Ordinances;
- Miami-Dade County Employment Ordinances;
- Palm Beach County Wage Payment Ordinances;
- Palm Beach County Employment Ordinances;
- Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
- Any and all claims based upon tort, personal injury, or common law;
- Any and all claims based upon public policy, contract (both expressed and implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;
- Any other federal, state or local statute, regulation or ordinance;
- Any and all claims for punitive or liquidated damages; and,
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.
- Any and all claims, including all attorney's fees and costs, related in any manner to PLAINTIFFS' association, employment, or relationship with THE CHARLOTTE BAKERY PARTIES

Similarly, THE CHARLOTTE BAKERY PARTIES agree to fully release PLAINTIFFS from any and all claims that THE CHARLOTTE BAKERY PARTIES may have against PLAINTIFFS from the beginning of time until the date of this agreement, whether known or

ESTHER GONZALEZ 
MARIA REGUEIRA

CHARLOTTE BAKERY, INC. _____
MICHELLE COLEMAN _____

unknown, suspected or unsuspected, which THE CHARLOTTE BAKERY PARTIES now own or hold, and to waive any right to recover in any action which may be brought on their behalf against PLAINTIFFS.

        g.    **Voluntary Dismissal of Suit**. The parties hereto agree that, upon the final execution of this AGREEMENT by all parties, counsel for the Plaintiff shall draft and file a joint motion asking the Court for an order dismissing the instant action, with prejudice, with each party bearing his/hers/its own costs and fees, except as otherwise provided herein: in the United States District Court, for the Southern District of Florida, case styled: *Esther Gonzalez and Maria Regueira v. Charlotte Bakery, Inc., et al.*, S.D. Fla. Case No. 1:17-cv-20456-CMA, with the Court retaining jurisdiction through forty-five days after the final settlement installment payment is scheduled (165 days after approval by the Court), in accordance with paragraph 1(a-d) above, to enforce the terms of the settlement agreement.

        h.    **Confidentiality**. It is understood and agreed that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that PLAINTIFFS shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFFS' claims from the time the settlement was agreed upon forward. In the event any other person or entity asks PLAINTIFFS about the lawsuit or about any of the disputes relating to PLAINTIFFS' association or employment with THE CHARLOTTE BAKERY PARTIES, PLAINTIFFS shall respond only that the matter was amicably resolved and shall provide no further information. Further, PLAINTIFFS agree not to disclose to any other person or otherwise use any information contained in any of the documents or information they have obtained from THE CHARLOTTE BAKERY PARTIES.

    THE CHARLOTTE BAKERY PARTIES agree that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that THE CHARLOTTE BAKERY PARTIES and their legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFFS' claims, or the existence of a dispute, from the time the settlement was agreed upon forward. In the event any other person or entity asks THE CHARLOTTE BAKERY PARTIES about the lawsuit or about any of the disputes relating to PLAINTIFFS' association with or employment with THE CHARLOTTE BAKERY PARTIES, they shall respond only that the matter was amicably resolved and shall provide no further information.

    This confidentiality requirement <u>does not</u> preclude PLAINTIFFS or THE CHARLOTTE BAKERY PARTIES from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT: a) to their lawful spouse, legal representatives, accountants, insurers and tax preparers; b) to Government officials upon request or pursuant to subpoena, in response to a Court order, or when required for court approval; c) for enforcement of agreement. In the event disclosure is required to a spouse, legal representative, accountant, or tax preparer, it shall be the

ESTHER GONZALEZ _____                               CHARLOTTE BAKERY, INC. _____
MARIA REGUEIRA _____                                MICHELLE COLEMAN _____

parties' responsibility to advise said individual(s) of the confidential nature of this AGREEMENT and to secure from such individual his or his assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else. In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court order, PLAINTIFFS and THE CHARLOTTE BAKERY PARTIES shall provide notice to the other Parties within three (3) days of such requests, to permit the assertion of what rights are available to them.

      i.    **Non-Disparagement**. PLAINTIFFS agree not to make any disparaging or negative remarks concerning THE CHARLOTTE BAKERY PARTIES or any of their parents, subsidiaries, affiliated corporations or associations, and/or representatives. THE CHARLOTTE BAKERY PARTIES agree not to make any disparaging or negative remarks concerning PLAINTIFFS.

      j.    **Neutral Reference**. PLAINTIFFS shall direct all requests for employment references to Harry Coleman, Charlotte Bakery, Inc., at (305) 535-0095. Upon such a request, THE CHARLOTTE BAKERY PARTIES shall respond only with a confirmation of PLAINTIFFS' dates of association/employment (if any), rate(s) of pay, and position held by PLAINTIFFS with THE CHARLOTTE BAKERY PARTIES. No other information shall be provided.

      k.    **No Right of Future Employment or Association**. PLAINTIFFS agree that they decline any employment or working association with THE CHARLOTTE BAKERY PARTIES and shall not, at any time in the future, seek or accept employment, association, or any working relationship with THE CHARLOTTE BAKERY PARTIES, whether as an employee or independent contractor, and that any application made by PLAINTIFFS may be rejected without liability to THE CHARLOTTE BAKERY PARTIES.

      l.    **Breach or Violation of Agreement**: It is further understood and agreed that if, at any time, a court of competent jurisdiction finds a material violation of any material term of the AGREEMENT,, the Party asserting the breach shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this AGREEMENT. Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

In any successful action to enforce the terms of this AGREEMENT, including payment of settlement sums, or any provision thereof, the prevailing party shall be entitled to recover his/its attorneys' fees and costs.

      m.    **Application of the laws of the State of Florida**. This AGREEMENT and the application or interpretation thereof, shall be governed exclusively by their terms and by the laws of the State of Florida. The parties agree that jurisdiction over this matter shall be in a court of competent jurisdiction in the County of Miami-Dade if the District Court for the Southern District of Florida declines to exercise jurisdiction.

ESTHER GONZALEZ   
MARIA REGUEIRA

CHARLOTTE BAKERY, INC. _____  
MICHELLE COLEMAN _____

n.  **Entire Agreement**. This AGREEMENT represents the entire agreement and understanding between the parties and supersedes all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

o.  **Construction**. This AGREEMENT has been jointly negotiated. The language of this AGREEMENT shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the AGREEMENT.

p.  **Enforceability**. If any term or condition of this AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law. Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this AGREEMENT.

q.  **Modification**. This AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this AGREEMENT.

r.  **Binding Effect**. All of the terms of this AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

s.  **Agreement Not to Be Used as Evidence**. This AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this AGREEMENT seeks to enforce this AGREEMENT, and this AGREEMENT has been breached or seeks contribution for amounts paid under this AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this AGREEMENT.

t.  **Signatures in Counterparts**. This AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. However, such counterparts shall together constitute one and the same document. A copy or .pdf version of this AGREEMENT or any counterpart shall be considered the same as an original for all purposes.

u.  **Legal Advice**. Prior to signing this AGREEMENT, all signatory Parties had the opportunity to have this AGREEMENT reviewed by legal counsel of their choice and to consult with their attorneys regarding its content and the terms of this AGREEMENT.

ESTHER GONZALEZ _____   CHARLOTTE BAKERY, INC. _____
MARIA REGUEIRA _____   MICHELLE COLEMAN _____

IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement the day and year written.

Date: 07/17/17  _____
             ESTHER GONZALEZ

Date: 07/17/17  _____
             MARIA REGUEIRA

Date: _____  _____
                     CHARLOTTE BAKERY, INC.
                     By:
                     Title:

Date: _____  _____
                     MICHELLE COLEMAN

ESTHER GONZALEZ _____     CHARLOTTE BAKERY, INC. _____
MARIA REGUEIRA  _____          MICHELLE COLEMAN  _____

8

# SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "AGREEMENT") is made by and between ESTHER GONZALEZ together with her heirs, agents, legal representatives, successors, assigns and attorneys and MARIA REGUEIRA together with her heirs, agents, legal representatives, successors, assigns and attorneys; and between CHARLOTTE BAKERY, INC., together with its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers and MICHELLE COLEMAN, together with her heirs, agents, legal representatives, successors, assigns and attorneys (ESTHER GONZALEZ and MARIA REGUEIRA are together referred to herein as "PLAINTIFFS"; CHARLOTTE BAKERY, INC. and MICHELLE COLEMAN are together referred to herein as "THE CHARLOTTE BAKERY PARTIES").

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

1. **Terms of Payment.** As consideration for the release of any and all claims that PLAINTIFFS may have against THE CHARLOTTE BAKERY PARTIES as of the date of execution of this AGREEMENT, THE CHARLOTTE BAKERY PARTIES agree to deliver to Law Firm of Lowell J. Kuvin at 17 East Flagler Street, Suite 223, Miami Florida 33131, the total gross sum of Sixteen Thousand and 0/100 Dollars ($16,000.00) in payment. This sum shall be delivered in four (4) installments, as described below:

   a. First Installment, in the amount of Four Thousand and 00/100 Dollars ($4,000.00) within thirty (30) days from the date the Court approves the terms of this Agreement and enters an order dismissing the case with prejudice, divided as follows:

      i. One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Esther Gonzalez" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

      ii. One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Maria Regueira" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

      iii. One Thousand Seven Hundred and Fifty and 00/100 Dollars ($1,750.00), payable to "Law Firm of Lowell J. Kuvin" as attorneys' fees and costs incurred which were negotiated separately and without regard to the amount paid to settle Plaintiffs' claims, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

ESTHER GONZALEZ _____
MARIA REGUEIRA _____

CHARLOTTE BAKERY, INC. /HC/
MICHELLE COLEMAN /MC/

1

b. **Second Installment**, in the amount of Four Thousand and 00/100 Dollars ($4,000.00) within sixty (60) days from the date the Court approves the terms of this Agreement and enters an order dismissing the case with prejudice, divided as follows:

   i. One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Esther Gonzalez" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

   ii. One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Maria Regueira" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

   iii. One Thousand Seven Hundred and Fifty and 00/100 Dollars ($1,750.00), payable to "Law Firm of Lowell J. Kuvin" as attorneys' fees and costs incurred which were negotiated separately and without regard to the amount paid to settle Plaintiffs' claims, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

c. **Third Installment**, in the amount of Four Thousand and 00/100 Dollars ($4,000.00) within ninety (90) days from the date the Court approves the terms of this Agreement and enters an order dismissing the case with prejudice, divided as follows:

   i. One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Esther Gonzalez" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

   ii. One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Maria Regueira" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

   iii. One Thousand Seven Hundred and Fifty and 00/100 Dollars ($1,750.00), payable to "Law Firm of Lowell J. Kuvin" as attorneys' fees and costs incurred which were negotiated separately and without regard to the amount paid to settle Plaintiffs' claims, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

d. **Fourth and Last Installment**, in the amount of Four Thousand and 00/100 Dollars ($4,000.00) within one hundred twenty (120) days from the date the Court approves the terms of this Agreement and enters an order dismissing the case with prejudice, divided as follows:

ESTHER GONZALEZ _____
MARIA REGUEIRA _____

CHARLOTTE BAKERY, INC. \_\_
MICHELLE COLEMAN \_\_

2

   i.  One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Esther Gonzalez" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

   ii. One Thousand One Hundred and Twenty-Five and 00/100 Dollars ($1,125.00), payable to "Maria Regueira" as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

   iii. One Thousand Seven Hundred and Fifty and 00/100 Dollars ($1,750.00), payable to "Law Firm of Lowell J. Kuvin" as attorneys' fees and costs incurred which were negotiated separately and without regard to the amount paid to settle Plaintiffs' claims, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

   Prior to the first installment being sent, and as condition thereof, ESTHER GONZALEZ, MARIA REGUEIRA, and Law Firm of Lowell J. Kuvin shall provide executed IRS Forms W9 to Adi@lubellrosen.com.

   PLAINTIFFS agree to indemnify and hold harmless THE CHARLOTTE BAKERY PARTIES from and against any and all liability that THE CHARLOTTE BAKERY PARTIES may sustain as a result of claims, demands, costs, or judgments relating to these payments. PLAINTIFFS further represent that they and their legal representatives alone are entitled to the settlement funds received and there are no claims or liens whatsoever made to these funds by any other party, including any claims made by any insurance carrier. In the event that amounts paid to PLAINTIFFS pursuant to this AGREEMENT are subject to any claims, liens or subrogated interests, PLAINTIFFS agree to indemnify and hold harmless THE CHARLOTTE BAKERY PARTIES from and against any and all liability that THE CHARLOTTE BAKERY PARTIES may sustain as a result of such claims, liens or subrogated interests. PLAINTIFFS agree to the distribution of the settlement proceeds as set forth above.

   e. **Non-Admission of Liability**. The parties agree that this sum is being paid for alleged violations of the Fair Labor Standards Act, as an amicable resolution of the Parties' dispute, in order to avoid the risks and costs involved in further litigation of this dispute. As such, THE CHARLOTTE BAKERY PARTIES continue to deny any and all liability to PLAINTIFFS and nothing in this AGREEMENT shall be construed as an admission of any wrongdoing by THE CHARLOTTE BAKERY PARTIES

   f. **Mutual General Release**. PLAINTIFFS agree to fully release THE CHARLOTTE BAKERY PARTIES from any and all claims that PLAINTIFFS may have from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which PLAINTIFFS now own or hold, and to waive any right to recover in any action which may be brought on their behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity

ESTHER GONZALEZ _____
MARIA REGUEIRA _____

CHARLOTTE BAKERY, INC. MC
MICHELLE COLEMAN MC

3

Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

- The FLSA;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Broward County Wage Payment Ordinances;
- Broward County Employment Ordinances;
- Miami-Dade County Wage Payment Ordinances;
- Miami-Dade County Employment Ordinances;
- Palm Beach County Wage Payment Ordinances;
- Palm Beach County Employment Ordinances;
- Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
- Any and all claims based upon tort, personal injury, or common law;
- Any and all claims based upon public policy, contract (both expressed and implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;
- Any other federal, state or local statute, regulation or ordinance;
- Any and all claims for punitive or liquidated damages; and,
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.
- Any and all claims, including all attorney's fees and costs, related in any manner to PLAINTIFFS' association, employment, or relationship with THE CHARLOTTE BAKERY PARTIES

Similarly, THE CHARLOTTE BAKERY PARTIES agree to fully release PLAINTIFFS from any and all claims that THE CHARLOTTE BAKERY PARTIES may have against PLAINTIFFS from the beginning of time until the date of this agreement, whether known or

ESTHER GONZALEZ \_\_\_\_\_
MARIA REGUEIRA \_\_\_\_\_

CHARLOTTE BAKERY, INC. _HC_
MICHELLE COLEMAN _MC_

4

unknown, suspected or unsuspected, which THE CHARLOTTE BAKERY PARTIES now own or hold, and to waive any right to recover in any action which may be brought on their behalf against PLAINTIFFS.

    g.    **Voluntary Dismissal of Suit**. The parties hereto agree that, upon the final execution of this AGREEMENT by all parties, counsel for the Plaintiff shall draft and file a joint motion asking the Court for an order dismissing the instant action, with prejudice, with each party bearing his/hers/its own costs and fees, except as otherwise provided herein: in the United States District Court, for the Southern District of Florida, case styled: *Esther Gonzalez and Maria Regueira v. Charlotte Bakery, Inc., et al.*, S.D. Fla. Case No. 1:17-cv-20456-CMA, with the Court retaining jurisdiction through forty-five days after the final settlement installment payment is scheduled (165 days after approval by the Court), in accordance with paragraph 1(a-d) above, to enforce the terms of the settlement agreement.

    h.    **Confidentiality**. It is understood and agreed that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that PLAINTIFFS shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFFS' claims from the time the settlement was agreed upon forward. In the event any other person or entity asks PLAINTIFFS about the lawsuit or about any of the disputes relating to PLAINTIFFS' association or employment with THE CHARLOTTE BAKERY PARTIES, PLAINTIFFS shall respond only that the matter was amicably resolved and shall provide no further information. Further, PLAINTIFFS agree not to disclose to any other person or otherwise use any information contained in any of the documents or information they have obtained from THE CHARLOTTE BAKERY PARTIES.

    THE CHARLOTTE BAKERY PARTIES agree that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that THE CHARLOTTE BAKERY PARTIES and their legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFFS' claims, or the existence of a dispute, from the time the settlement was agreed upon forward. In the event any other person or entity asks THE CHARLOTTE BAKERY PARTIES about the lawsuit or about any of the disputes relating to PLAINTIFFS' association with or employment with THE CHARLOTTE BAKERY PARTIES, they shall respond only that the matter was amicably resolved and shall provide no further information.

    This confidentiality requirement <u>does not</u> preclude PLAINTIFFS or THE CHARLOTTE BAKERY PARTIES from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT: a) to their lawful spouse, legal representatives, accountants, insurers and tax preparers; b) to Government officials upon request or pursuant to subpoena, in response to a Court order, or when required for court approval; c) for enforcement of agreement. In the event disclosure is required to a spouse, legal representative, accountant, or tax preparer, it shall be the

ESTHER GONZALEZ _____  
MARIA REGUEIRA _____                                       CHARLOTTE BAKERY, INC. _____  
                                                                               MICHELLE COLEMAN _____

parties' responsibility to advise said individual(s) of the confidential nature of this AGREEMENT and to secure from such individual his or his assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else. In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court order, PLAINTIFFS and THE CHARLOTTE BAKERY PARTIES shall provide notice to the other Parties within three (3) days of such requests, to permit the assertion of what rights are available to them.

i. **Non-Disparagement**. PLAINTIFFS agree not to make any disparaging or negative remarks concerning THE CHARLOTTE BAKERY PARTIES or any of their parents, subsidiaries, affiliated corporations or associations, and/or representatives. THE CHARLOTTE BAKERY PARTIES agree not to make any disparaging or negative remarks concerning PLAINTIFFS.

j. **Neutral Reference**. PLAINTIFFS shall direct all requests for employment references to Harry Coleman, Charlotte Bakery, Inc., at (305) 535-0095. Upon such a request, THE CHARLOTTE BAKERY PARTIES shall respond only with a confirmation of PLAINTIFFS' dates of association/employment (if any), rate(s) of pay, and position held by PLAINTIFFS with THE CHARLOTTE BAKERY PARTIES. No other information shall be provided.

k. **No Right of Future Employment or Association**. PLAINTIFFS agree that they decline any employment or working association with THE CHARLOTTE BAKERY PARTIES and shall not, at any time in the future, seek or accept employment, association, or any working relationship with THE CHARLOTTE BAKERY PARTIES, whether as an employee or independent contractor, and that any application made by PLAINTIFFS may be rejected without liability to THE CHARLOTTE BAKERY PARTIES.

l. **Breach or Violation of Agreement**: It is further understood and agreed that if, at any time, a court of competent jurisdiction finds a material violation of any material term of the AGREEMENT,, the Party asserting the breach shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this AGREEMENT. Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

In any successful action to enforce the terms of this AGREEMENT, including payment of settlement sums, or any provision thereof, the prevailing party shall be entitled to recover his/its attorneys' fees and costs.

m. **Application of the laws of the State of Florida**. This AGREEMENT and the application or interpretation thereof, shall be governed exclusively by their terms and by the laws of the State of Florida. The parties agree that jurisdiction over this matter shall be in a court of competent jurisdiction in the County of Miami-Dade if the District Court for the Southern District of Florida declines to exercise jurisdiction.

ESTHER GONZALEZ _____
MARIA REGUEIRA _____

CHARLOTTE BAKERY, INC. HC
MICHELLE COLEMAN MC

6

n. **Entire Agreement**. This AGREEMENT represents the entire agreement and understanding between the parties and supersedes all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

o. **Construction**. This AGREEMENT has been jointly negotiated. The language of this AGREEMENT shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the AGREEMENT.

p. **Enforceability**. If any term or condition of this AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law. Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this AGREEMENT.

q. **Modification**. This AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this AGREEMENT.

r. **Binding Effect**. All of the terms of this AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

s. **Agreement Not to Be Used as Evidence**. This AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this AGREEMENT seeks to enforce this AGREEMENT, and this AGREEMENT has been breached or seeks contribution for amounts paid under this AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this AGREEMENT.

t. **Signatures in Counterparts**. This AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. However, such counterparts shall together constitute one and the same document. A copy or .pdf version of this AGREEMENT or any counterpart shall be considered the same as an original for all purposes.

u. **Legal Advice**. Prior to signing this AGREEMENT, all signatory Parties had the opportunity to have this AGREEMENT reviewed by legal counsel of their choice and to consult with their attorneys regarding its content and the terms of this AGREEMENT.

ESTHER GONZALEZ _____
MARIA REGUEIRA _____

CHARLOTTE BAKERY, INC. _MC_
MICHELLE COLEMAN _MC_

7

IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement the day and year written.

Date: _____     _____
                           ESTHER GONZALEZ

Date: _____     _____
                           MARIA REGUEIRA

Date: 7-11-17             _____
                           CHARLOTTE BAKERY, INC.
                           By: Harry Coleman
                           Title: Vice President

Date: 7/11/17             _____
                           MICHELLE COLEMAN

ESTHER GONZALEZ _____                              CHARLOTTE BAKERY, INC. HC
MARIA REGUEIRA _____                               MICHELLE COLEMAN MC

8